UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cv-147/ 1:03-cr- 193 |
| | ) | *Edgar* |
| STEVE ALEXANDER HANKINS | ) | |

**MEMORANDUM**

**I.    Introduction**

Steve Alexander Hankins ("Hankins") a federal prisoner, brings this *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and Judgment on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion. After a review of the record, the Court concludes the § 2255 motion lacks merit and it will be **DENIED**.

**II.    Procedural Background**

On August 26, 2003, a three-count indictment was filed which charged Hankins in Count One, as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Count Two Hankins was charged with manufacturing methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C) and 846. In Count Three Hankins was charged with possessing equipment, chemicals, products, and materials which could be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). Additionally there was a forfeiture allegation directing that Hankins forfeit all firearms and ammunition involved or used in the commission of the offense, including but not

1

limited to, a Ruger Model 95, 9mm and ammunition. Hankins pleaded guilty to the three-count indictment on October 22, 2003.

On May 14, 2004, Hankins was sentence to 60 months incarceration on each of the three counts, to be served concurrently. Hankins did not take a direct appeal from the judgment of conviction. This § 2255 motion was timely filed on May 5, 2005, alleging several instances of ineffective assistance of counsel.

### III.  Standard of Review

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted)(§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); see also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)(applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 998 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Moreover, Hankins cannot use a § 2255 motion to litigate the issues that should have been presented and decided on direct appeal. Issues which are presented and considered on direct appeal cannot be litigated again in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir.), *cert. denied*, 178 F.3d 790 (1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v.*

*Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). In addition, challenges that should have been raised on direct review but were not raised will not be addressed by habeas courts unless cause is shown for the tardy challenge and "actual prejudice" resulting from the error is demonstrated, *United States v. Frady*, 456 U.S. at 167-68; or that the movant is actually innocent of the crime. *See Bousley v. United States,* 523 U.S. 614 (1998).

**IV.** **Facts**

The following pertinent facts are taken from the Presentence Investigation Report ("PSR") prepared by the United States Probation Office:

> 16. Beginning on July 18, 2002, Marion County Sheriff's Department officers began receiving reports from two confidential informants relating to the methamphetamine trafficking and manufacturing activities of Steve Hankins. Based on this information, they served a search warrant on the Hankins' residence, 170 Gold Road, Jasper, Tennessee, on July 25, 2002. During the execution of the search warrant, officers discovered a Ruger 9mm pistol and a small amount of methamphetamine (.3 grams) and liquid ephedrine (23.6 grams). They also found a methamphetamine lab from which the following was recovered: bottles of peroxide, 20 ounces of soaking pseudoephedrine, a roll of steel wool, lighter fluid, a baggie of red "p," digital scales, hot plate, Pyrex condensation tube, Red Devil lye, tubing, syringes, several "crank" pipes, 1000 ml flask, other kinds of scales, a two-layered liquid, iodine crystals, Coleman fuel, 13 boxes of Wal-Phed (48 tablets per box, each tablet containing 60 mg of ephedrine), match books without the striker plates, one gallon of iodine, one baby jar containing four ounces of iodine crystals, scales, and numerous components of a methamphetamine lab. Officers also recovered two boxes of 9 mm rounds. The defendant was present during the execution of the search warrant and he gave an oral statement that all the items found belonged to him. Also present were Kelly Nance, Melinda Gail, Stewart Ross and Misty Hubbard. The 9 mm Ruger was loaded and found in a box safe along with the .3 grams of methamphetamine. The firearm was determined to have been manufactured outside the state of Tennessee.

*PSR*, pp. 3-4.

The defendant was sentenced on May 14, 2004. At the May 14, 2004, sentencing hearing the Court found that defendant's criminal history category was I. Hankins's total offense level was 25. Hankins's offense level of 25, combined with his criminal history category, I, resulted in a sentencing range of 57 to 71 months imprisonment. The defendant was sentenced to 60 months of imprisonment, to be followed by three (3) years of supervised release.

**V.     Analysis**

Hankins's § 2255 motion to vacate contains two claims. Hankins alleges counsel was ineffective because he failed "to raise or negotiate" the amount of drugs upon which his sentence was based "and the fact the gun was locked away from the chemicals in a safe without any ammo, or clip" [Court File No. 2]. In his second claim, Hankins asserts that he believes he has some "*Booker*[1] issues concerning his enhancements on the gun and chemicals (drugs) present in this case" [Court File No. 2].

Hankins contends trial counsel was ineffective for failing to raise these claims at the trial level. Hankins is apparently arguing ineffective assistance of counsel provides the excuse for his procedural default which resulted when Hankins failed to raise these claims before the district court or on direct review. Therefore, the Court must first determined whether Hankin's counsel was deficient for failing to raise these claims and if he was, whether or not Hankins suffered any prejudice due to counsel's deficiency.

---

[1]     *United States v. Booker*, 125 S.Ct. 738 (2005).

### A. Ineffective Assistance of Counsel

Hankins claims his trial counsel was ineffective for failing to raise the claims he now raises in this § 2255 motion. The Supreme Court, in *Strickland v. Washington,* 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.,* below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88; *see also Flippins v. United States,* 808 F.2d 16, 17-18 (6th Cir.), *cert. denied,* 481 U.S. 1056 (1987). As the Sixth Circuit explained in *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied,* 508 U.S. 975 (1993): "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689; *Sims v. Livesay,* 970 F.2d 1575, 1579-80 (6th Cir. 1992).

For the reasons explained below, Hankins is not entitled to any relief on the claims he raises in this § 2255 motion. As he is not entitled to any relief on these claims, he is unable to demonstrate counsel was ineffective for not raising the claims he raises in this § 2255 motion.

### 1. Drug Amounts

Hankins claims counsel was ineffective for failing to raise or negotiate issues concerning the drug amounts in this case. This factually unsupported claim does not provide the basis for this Court to grant Hankins § 2255 relief. Hankins does not contend the Court relied upon an incorrect amount

of drugs when pronouncing his sentence; nor does he contend that he did not possess the drugs and chemicals which the Court relied upon when sentencing him.

The presentence report reflects that .3 grams of methamphetamine was confiscated from a safe box in Hankins' residence and that numerous items, including chemicals used to manufacture methamphetamine, were confiscated from a methamphetamine lab in Hankins residence. In addition, the presentence report reveals that Hankins admitted that all the items found belonged to him. Hankins does not contest the conservative drug quantity calculation based on the chemical components found at his residence,[2] but rather, makes a factually baseless statement that counsel failed to raise or negotiate the amount of drugs. Hankins does not identify the correct amount of drugs he contends counsel should have argued he possessed. Hankins does not deny that he possessed the chemicals and drugs relied upon by the Court when sentencing him, but rather, he simply asserts that counsel was ineffective for failing to raise issues concerning the drug amount.

Counsel is not constitutionally required to raise frivolous claims. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous objections cannot constitute ineffective assistance of counsel). The burden is on Hankins to prove

---

[2] One gallon of iodine will produce one pound of mixture of substance containing iodine. Of this amount, 60% or 272.16 grams are iodine crystals which, at a 50% yield, will very conservatively produce 136.08 grams of methamphetamine - Offense Level 26. A total of 624 tablets containing 60mg of ephedrine is the equivalent of 374.4 kilograms of marijuana - Offense Level 26. The probation officers is unable to determine if the four ounces of iodine in the baby jar or the 20 ounces of soaking pseudoephedrine were lab tested, so they will not be used to calculate a drug quantity. Basing the drug quantity on the gallon of iodine and the Wal-Phed tablets could amount to double counting, so the calculations are based solely on the one gallon of iodine that was recovered.

*PSR* at 3-4.

7

Case 1:05-cv-00147   Document 3   Filed 07/28/05   Page 7 of 11   PageID #: 7

the substance of his allegations and a district court is not required to hold an evidentiary hearing on the basis of factually unsupported conclusions. *See Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970). Consequently, Hankins has failed to meet his burden of demonstrating counsel rendered ineffective assistance of counsel. Moreover, Hankins has not identified any prejudice due to his counsel's alleged failure to contest the drug amounts.

Accordingly, Hankins is unable to demonstrate counsel was ineffective for failing to contest the drug amounts relied upon by this Court when sentencing Hankins. Hankins is not entitled to any § 2255 relief on his claim that counsel was ineffective for failing to contest the drug amounts in his case.

### 2. **Weapon**

Next Hankins contends counsel should have argued the weapon was locked away from the chemicals in a safe without any ammo or clip. However, this argument would have been of no benefit to Hankins. Hankins pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The elements of 18 U.S.C. § 922(g)(1) are "(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce." *United States v. Petitjean*, 883 F. 2d 1341, 1347 (7th Cir. 1989). Under this statute, possession may be either actual or constructive to satisfy the possession element. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Moreno*, 933 F.2d 362, 373 (6th Cir. 1991)(citation omitted). "This circuit has consistently held that constructive possession

8

of an object exists when a person has dominion and control over the premises where that object is located." *United States v. Black*, 5 Fed.Appx. 461, 465 (6th Cir. March 2, 2001)(citations omitted).

The facts before this Court reveal that a weapon and ammunition was found in Hankins residence, Hankins was present during the execution of the search warrant, and he gave an oral statement that all the items found belonged to him. *See PSR* at 4. The presentence report reflects that the 9 mm Ruger was loaded and found in a box safe along with the .3 grams of methamphetamine. There is no dispute as to Hankins prior drug convictions or the fact the firearm was manufactured outside the state of Tennessee. Consequently, since Hankins constructively possessed the weapon, he would not have benefitted from an argument made by counsel that the weapon was unloaded and locked away from the chemicals in a safe. Consequently, this claim is without legal merit.

Hankins is unable to demonstrate counsel was ineffective for failing raise issues concerning the weapon and he is unable to demonstrate any resulting prejudice from counsel's failure to raise issues concerning the weapon. Consequently, based upon the foregoing, Hankins has failed to meet either prong of the *Strickland* standard and, therefore, is not entitled to relief on his allegation of ineffective assistance of counsel.

**B.** *United States v. Booker*

Hankin's last claim is based on *United States v. Booker*, 125 S.Ct. 738 (2005). Hankins claims "he has some *Booker* issues concerning his enhancements on the gun and chemicals (drugs) present in this case" [Court File No. 2]. Hankins argues that *Booker* should apply retroactively.

Hankins did not pursue a direct appeal; thus, his conviction became final on May 28, 2004. *Booker*, which Hankins relies upon, was decided on January 12, 2005. However, the Supreme

9

Court did not announce that *Booker* was retroactively applicable, but instead noted that its holding should be applied "to all cases on direct review." 125 S.Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'"*Id.* The Court's research indicates that the majority of courts who have addressed this issue have determined *Booker* is not applicable to cases that were final prior to the Supreme Court's decision in that case and the Sixth Circuit has specifically determined *Booker* is not applicable on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (*Booker's* rule does not apply retroactively in collateral proceedings); In *re Anderson* 2005 WL 123923 (11th Cir. Jan. 21, 2005) ("It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review."); *Hamlin v. United States,* 2005 WL 102959 (D.Me. Jan. 19, 2005) (interpreted *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluded *Booker* should not be applied retroactively to cases where the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluded *Blakely* decision did not apply retroactively). Hankins has no viable claim under *Booker*.

*Booker* does not apply to persons such as Hankins, whose sentence became final prior to the *Booker* decision. Therefore, Hankins is not entitled to any § 2255 relief in this case. Accordingly, Hankins's § 2255 motion [Court File No.1] is **DENIED** and this action will be **DISMISSED.**

An appropriate judgment will enter.

                                   */s/ R. Allan Edgar*
                                   R. ALLAN EDGAR
                             CHIEF UNITED STATES DISTRICT JUDGE